No. 516

COLUMBER v. MADDEX et

Ohio Appeals, 3rd Dist., Hardin Co.

No. 136.  Decided April 14, 1925.

683.  JURY.—It is error to refuse to sustain challenge for cause, when part of panel is composed of taxpayers of city against which, judgment is liable to be rendered.

191.  BURDEN OF PROOF—1.  To "convince minds of jury of the truth of a contention" places upon party having burden, a higher degree of proof than the law expects.

2.  No burden on plaintiff of disproving contributory negligence.

HUGHES, J.

Lucy Columber brought suit against Wm. Maddex and the City of Kenton in the Hardin Common Pleas for injuries which she claimed were sustained by her tripping and falling over an unlighted barrier across a newly constructed cement sidewalk.  Maddex was the contractor who built the sidewalk.  Maddex and the city denied negligence and injury and charged Columber with negligence which was the proximate cause of her injury.

During the impanelling of the jury it developed that some of the panel were taxpayers of Kenton and these were challenged for cause upon the theory that they were taxpayers and therefore interested in the cause they were called upon to try.  After Columber's peremptory challenges had been exhausted there remained one or two taxpayers whom the court refused to dismiss on challenge of Columber.  A verdict was returned by the jury in favor of Maddex and the City of Kenton.

Error was prosecuted and Columber contended that the refusal of the Court to dismiss said taxpayers was error, and that there was error in the charge of the court before argument and in the general charge.  The Court of Appeals held::

1.  Our constitution contemplates that in civil actions each party shall have a fair, impartial and unbiased jury to determine the issues in his case.

2.  A taxpayer who is called upon to pay his proportionate share of a judgment that might be rendered against his city, has interest in the cause to that extent.  A taxpayer of a city may be challenged for cause upon the ground that he has an interest in the cause and it is error to refuse to sustain the challenge under such circumstances.

3.  Charge before argument was as follows: "This is an action brought by plaintiff on account of alleged negligence of defendants, and the burden of proving that she could not by the exercise of ordinary care have avoided the consequences of such negligence, is upon the plaintiff."

This charge in effect, placed burden of disproving contributory negligence upon Columber.  Burden of proving contributory negligence was upon Maddex, unless Columber's own evidence raised a presumption of negligence on her part, then it would be upon her to remove the presumption.

4.  The lower court's definition of burden of proof was that it "meant the duty resting on the party having the affirmative of the issue, to convince the minds of the jury by a preponderance of the evidence of the truth of this contention."  This would be placing a higher degree of care upon Columber than the law demands, and was erroneous.  Railroad v. Fay, 80 OS. 289.  Judgment reversed.

Attorneys—Henderson & Roof, for Columber; Stickle & Cessna, L. B. Brown and J. R. Stillings for Maddex, et; all of Kenton.